BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James N. Ziengenfus, Jr., | ) | No. CV 05-1215-PHX-DGC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff James N. Ziengenfus, Jr., currently confined in the East Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a motion for leave to file his first amended complaint on something other than the court approved form (Doc. #8), attaching his a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983. The Court will grant the motion, order the attached Complaint docketed as Plaintiff's first Amended Complaint, and order Defendants to answer the Complaint. Plaintiff's motion for procedural order (Doc. # 9) will be denied.

**A.     Procedural History and Motion for Leave**

Plaintiff filed his initial Complaint in April 2005. (Doc. #1). This Court dismissed the Complaint, determining that based on the allegations, Plaintiff's Complaint might be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (Doc. #6). Plaintiff was given an opportunity to amend his Complaint. (Doc. #6). Plaintiff then filed a motion for leave to file his first amended complaint on other than court approved form. (Doc. #8). Plaintiff alleges that he filled out the form, but discovered that he had made numerous errors. In an

**TERMPSREF**

1 attempt to meet the deadline, Plaintiff then drafted his Complaint without the use of the court
2 approved form. Attached to Plaintiff's motion is his First Amended Complaint. (Doc. #8).
3 Plaintiff's motion will be granted, and the attached Amended Complaint will be docketed as
4 such.

**B.     Statutory Screening of Prisoner Complaints**

6   The Court is required to screen complaints brought by prisoners seeking relief against
7 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
8 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
10 may be granted, or that seek monetary relief from a defendant who is immune from such
11 relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion
12 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C.
13 § 1997e(a).

**C.     Amended Complaint**

15   In his Amended Complaint, Plaintiff names as Defendants (1) Joseph M. Arpaio,
16 Sheriff of Maricopa County, (2) Barbara Broderick, Chief Probation Officer, (3) Paula R.
17 Soelle, deputy probation officer, (4) John Doe, sheriff's deputy, and (6) Richard Roe,
18 sheriff's deputy. Plaintiff alleges he was convicted and sentence for DUI in Arizona. When
19 he was released on probation, he was allowed to transfer to Pennsylvania. While in
20 Pennsylvania, he was arrested on a misdemeanor offense. At that time, Defendants Soelle
21 and Broderick filed a petition to revoke his probation, but decided not to proceed with
22 extradition proceedings. Subsequently, the petition for revocation was dismissed. However,
23 Defendants Doe and Roe went to Pennsylvania to extradite Plaintiff based on an arrest
24 warrant. Plaintiff alleges that as a result of the Defendants actions, and the failure of
25 Defendants Arpaio and Broderick to properly train personnel, his constitutional rights were
26 violated due to a false arrest and imprisonment. Plaintiff also alleges that he was subject to
27 intentional infliction of emotional harm. Plaintiff maintains that the petition for revocation
28 was dismissed and that his current incarceration did not arise from the events underlying his

1   claims. Thus, Plaintiff maintains his claim is not barred by Heck.

2   At this early stage, Plaintiff's Amended Complaint, on its face, does not appear to be
3   barred by Heck. However, pending additional information, this Court reserves any
4   determination as to the applicability of Heck to the instant case.

5   **D.    Claims to be Served**

6   At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
7   violated. Defendants Arpaio, Broderick, and Soelle will be ordered to answer the Complaint

8   Plaintiff also names as a defendant an unknown sheriff's deputies. Generally, the use
9   of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the
10  Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in
11  the action. As a practical matter, it is impossible in most instances for the United States
12  Marshal or his designee to serve a summons and complaint or amended complaint upon an
13  anonymous defendant.

14  The Ninth Circuit has held that where identity is unknown prior to the filing of a
15  complaint, the plaintiff should be given an opportunity through discovery to identify the
16  unknown defendants, unless it is clear that discovery would not uncover the identities, or that
17  the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d
18  1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).
19  Plaintiff may use the discovery processes to obtain the names of the persons whom he
20  believes violated his constitutional rights. If Plaintiff discovers the true identity of these
21  fictitious parties through the discovery process, or otherwise, he may seek leave of the Court
22  to amend his complaint to name the individuals in place of John/Jane Doe.

23  **E.    Motion for Procedural Order**

24  Plaintiff also filed a motion for procedural order (Doc. # 9), requesting an order
25  informing the Arizona Department of Corrections (ADOC) of his need for a typewriter.
26  First, Plaintiff has not set forth sufficient justification to support his need for a typewriter.
27  Further, the ADOC is not a party to the instant action and has not been provided notice. See
28  Fed.R.Civ.P. 65(a), (b). Accordingly, Plaintiff's motion for an order informing the ADOC

1  of his need for a typewriter will be denied.

2  **F.    Rule 41 Cautionary Notice**

3       Plaintiff should take notice that if he fails to timely comply with every provision of
4  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
5  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
6  61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
7  the Court).

8  **IT IS THEREFORE ORDERED that:**

9       (1) Plaintiff's motion for leave to file his complaint on a non-court approved form
10 (Doc. #8) is granted.

11      (2) The Clerk of Court is directed to docket Plaintiff's Amended Complaint, which
12 is attached as an exhibit to document number 8, as an Amended Complaint.

13      (3) Plaintiff's motion for procedural order (Doc. #9) is denied.

14      (4) The Clerk of Court shall send Plaintiff a service packet including the Amended
15 Complaint, this Order, and both summons and request for waiver forms for Defendants
16 Arpaio, Broderick, and Soelle.

17      (5) Plaintiff shall complete and return the service packet to the Clerk of Court within
18 20 days of the date of filing of this Order. The United States Marshal will not provide
19 service of process if Plaintiff fails to comply with this Order.

20      (6) If Plaintiff does not either obtain a waiver of service of the summons or complete
21 service of the Summons and Complaint on each Defendant within 120 days of the filing of
22 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
23 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
24 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

25      (7) The United States Marshal shall retain the Summons, a copy of the Amended
26 Complaint, and a copy of this Order for future use.

27      (8) The United States Marshal shall notify Defendants of the commencement of this
28 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants shall answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendants, or if appearance has been entered by

counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(14) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(15) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 28th day of April, 2006.

_____
David G. Campbell
United States District Judge